# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4366 | **DATE** | July 28, 2010 |
| **CASE TITLE** | Michael Ash (#B-52018) v. Richard Devine, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $7.22 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, Michael Ash, an inmate in state custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against former Cook County State's Attorney Richard Devine, Assistant State's Attorneys Megan Goldish and Lorna Amado Chevlin, and Assistant Public Defenders Edwin Burnette, Andrea Webber, and Kelly Christl. Plaintiff alleges that he has received paper work that indicates that he was convicted of burglary which he was not. He further alleges that the burglary conviction was used to enhance his sentence. (See Plaintiff's complaint). Plaintiff further alleges ineffective assistance of counsel and an ex post facto violation with respect to his convictions.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.22. The inmate trust fund officer at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

**(CONTINUED)**

|  | AWL |
|---|---|

| STATEMENT |
|---|

Plaintiff's complaint is flawed in multiple ways. It would appear that he is attempting to challenge his criminal conviction in this civil rights action. Additionally, he is suing multiple parties who are immune from suit. Finally, any claims he brings against suable Defendants appear to be time-barred.

Plaintiff may not challenge his criminal conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A finding that the criminal proceedings deprived Plaintiff of due process, that he had ineffective assistance of counsel, or that the wrong charges were used to calculate his sentence would certainly call into question his conviction and sentence.

If Plaintiff wishes to challenge his conviction in federal court, he must file a petition for a writ of habeas corpus (assuming he can meet the requirements of 28 U.S.C. § 2254). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

Additionally, Plaintiff names Defendants who are immune from civil liability. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). If Defendants intentionally engaged in wrongdoing when they prosecuted Plaintiff, then they are subject to criminal sanctions as well as professional discipline; however, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Accordingly, Defendants Devine, Goldish, and Chevlin are immune from suit under § 1983.

Further, Plaintiff's claims against Former State's Attorney Devine appear to be in his supervisory capacity. Plaintiff's allegations seeking to hold Defendant Devine liable for his supervisory role in the running the Cook County State's Attorneys Office fail to state a claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendant Devine held a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Accordingly, Defendant Devine is dismissed.

**(CONTINUED)**

| STATEMENT |
|---|

Plaintiff also names his attorneys, Edwin Burnette, Andrea Webber, and Kelly Christl, as Defendants. Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). There is an exception to the general rule that defense attorneys are not state actors, if the defense attorney is alleged by Plaintiff to have conspired with state actors. *Logan v. Laterzo*, 24 Fed.Appx. 579, 582 (2001), *citing Tower v. Glover*, 467 U.S. 914, 923-24 (1984). Plaintiff does not allege such a conspiracy. Plaintiff's claims against Defendants Burnette, Webber, and Christl are, therefore, not actionable under § 1983.

Finally, Plaintiff's claims appear to be time-barred. The U.S. Supreme Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984) that 42 U.S.C. § 1983 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2008), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Plaintiff was convicted in May of 2007, so to the extent his claims involve his conviction, they would be time barred.

For these reasons, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).